UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 3:20-cv-30130-MGM

BRANDON NAVOM
       Plaintiff,
v.
CITY OF BOSTON and MARTY WALSH, in his official and individual capacities,
       Defendants.

ORAL ARGUMENTS REQUESTED

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER**

**Plaintiff, BRANDON NAVOM ("NAVOM")** hereby seeks reconsideration of this case against the **CITY of BOSTON ("CITY")** and **MARTY WALSH, ("WALSH")**, Defendants. Because claim preclusion does not apply in the instant action, and the court appears to have made the error of equating Mayor Marty Walsh in official capacity as Mayor of Boston (not sued in the referenced prior state court action ) with Mr. Marty Walsh the man in his unofficial capacity (who was sued in the referenced prior state court action), it is moved that this court reconsider and vacate its April 6, 2021 order of dismissal. In plain English, under the rules of claim preclusion, "not there not bound." The rule applies to the bitter and the sweet. The person "not there and not bound" enjoys neither the sweetness of prior litigation if the prior litigation went his/her/its way, nor the bitterness of prior litigation if it did not.

    **I. ARGUMENT**

1

The court quotes Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002) which held "A damages suit against an official in an official capacity is tantamount to a suit against the entity of which the official is an agent (the jail), and there is no claim here that the entity followed a policy or custom of deliberate indifference." (Emphasis supplied.)  In the case at hand, in paragraph 18 it said,

> "CITY too, shares in the liability for WALSH' s defamation.  CITY lacked the proper policies and procedures to ensure that it's employees did not abuse their political position for their own personal gain.  CITY lacked any mechanism to force WALSH to refrain from commenting publicly about issues that had no connection to the city and then falsely link them to the city to generate publicity in election year."

In other words, while in Burrell v. Hampshire County there was no claim that the entity followed a policy or custom of deliberate indifference, where in the case at hand, there was a claim that the entity followed a policy or custom of deliberate indifference.  In the seminal case of Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), n. 55, it was said, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  It is supposed that under this precedent if Mayor Marty Walsh was sued in his official capacity, it could be regarded as equivalent to a lawsuit against the City of Boston.  But that is precisely the opposite of what happened—in the lawsuit in state court, Mayor Marty Walsh was only served in his official capacity.  "Claim preclusion, like issue preclusion, is an affirmative defense."  Taylor v. Sturgell, 553 U.S. 880, 907 (2008).  "[I]t is incumbent on the defendant to plead and prove such a defense."  Id.

"There are three essential elements to the doctrine of claim preclusion: (1) the identity or privity of the parties to the present and prior actions; (2) identity of the causes of action; and (3) a prior final judgment on the merits."  McDonough v. City of Quincy, 452 F.3d 8, 13 (2006).  "The failure to prove any individual prong means that [a] second litigation is not barred." Burr v.

Bouffard, 2021 U.S. Dist. LEXIS 17487, *17 (D. Maine).  Claim preclusion requires the same parties." Whole Woman's Health v. Hellerstedt, 136 S. Ct. 2292, 2305 (2016).

Mr. Marty Walsh in his personal capacity is a lawsuit against the person in his own capacity.  Mr. Marty Walsh in his professional capacity as the Mayor of Boston is a lawsuit against the City of Boston.  Simply put, the Mayor of Boston in his official capacity (not previously sued) is not the same person as Mr. Marty Walsh in his unofficial capacity.  The former represents the City of Boston, whereas the latter represents himself. Moreover, while Mayor Marty Walsh in his official capacity is arguably "in privity" with the City of Boston, Mr. Marty Walsh the person is not.

Claim preclusion only applies to people that were parties to the prior action.  "A person who is named as a party to an action and subjected to the jurisdiction of the court is a party to the action." Restat 2d of Judgments, § 34.  Neither Mayor Marty Walsh in his official capacity nor the City of Boston were named defendants in the state court action.[1] "A person who is not a party to an action is not bound by or entitled to the benefits of the rules of res judicata, except as stated in §§ 30-32 and in this Chapter." Restat 2d of Judgments, § 34. "The basic principle of this Section that, generally speaking, only persons who are parties are concluded by an action, is of constitutional dimension." Restat 2d of Judgments, § 34 Comment a.  "Litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity,

---

[1] Because the Massachusetts Tort Claims Act does not apply to defamation, the Mayor of Boston was only sued in his private capacity.  State immunity statutes do not apply to federal civil rights act claims, as the state is not free to immune itself against federal civil right claims.

3

individual or representative." Hussey v. Aetna Life Ins. Co., 104 Ohio App. 3d 6, 10 (11th Dist. Ct. Ohio Appeals 1995).

Nor is there "privity" between Mr. Marty Walsh in his personal capacity, and Mayor Marty Walsh in his official capacity or the City of Boston.  "In the context of res judicata, 'privity' means an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." Atkinson v. Town of Rockport, 2012 U.S. Dist. LEXIS 33976, *27 (D. Mass. 2012) (emphasis added).  As to privity, the Restatement of Judgments § 36 is most helpful:

> § 36 Party Appearing in Different Capacities
> (1) A party appears in his individual capacity unless, in his designation as a party or by other manifestation, it is made evident that he appears in some other capacity.
> (2) A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of *res judicata* in a subsequent action in which he appears in another capacity.

§ 36(1) makes clear that Mayor Marty Walsh in his official capacity is not the same party was Mr. Marty Walsh the person in his individual capacity. § 36(2) makes it clear that Mayor Marty Walsh in his private capacity as he was sued is "not thereby bound by or entitled to the benefits of the rules of res judicata" of Mayor Marty Walsh in his official capacity.  Section (e) of the comment section of § 36 expounds on lawsuits against officials.

> **e.  Application to actions against officials.**  A public official sued as an individual nevertheless participates in the action in his official capacity if the remedy sought is that of compelling, restraining, or making declarations concerning performance of acts in the course of his official duties, or the restitution of property over which he asserts control in virtue of his official authority. If the remedy sought is damages and the public body of which he is an official is solely responsible for paying them, the public official likewise appears in

4

> his official capacity and is in effect merely a formal party. See § 37. The determination in such circumstances is therefore binding on the governmental body of which he is an official and on his successors in office, but in accordance with the rule stated in § 36, is not binding on him personally. Where, however, the remedy is for damages that he is asserted to have a personal obligation to pay, he participates in his individual capacity.

Restat 2d of Judgments, § 36.  It is of note that comment e of Restat 2d of Judgments, § 36 has considerable case law support that the court may wish to consider.   The Fourth Circuit has held "that a government official in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata."  Andrews v. Daw, 201 F.3d 521, 526 (4th Cir. 2000).  "City employees, acting in their individual capacities, [are] not in privity with the City, and "[r]es judicata [i]s not a bar."  De Llano v. Berglund, 183 F.3d 780, 781-782 (8th Cir. 1999).  The 7th Circuit has ruled, "We can discern no basis for holding that all F.B.I. agents and informants, sued individually for their own acts or inactions, are in privity for res judicata purposes" so as to bar a lawsuit against the FBI.  Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir. 1984).

The lawsuit against Mr. Marty Walsh in state court was not one were "the remedy sought is that of compelling, restraining, or making declarations concerning performance of acts in the course of his official duties."  It was for damages and other relief in his capacity as an individual. Not only is it not the case that "the public body of which he is an official is solely responsible for paying them," under the Massachusetts Tort Claims Act the public body cannot be held responsible for paying for the defamation at all.  The First Circuit has recently stated the rule as such:

> The situation is quite different when an official is sued in his individual capacity. By

5

> definition, such a suit takes aim at the individual, not the government entity with which he is associated. Such a defendant is, therefore, not considered to be in privity with the government entity.

Goldstein v. Galvin, 719 F.3d 16, 23 (1st. Cir. 2013). It is quite clear that under Goldstein v. Galvin and the Restatement of Judgments § 36, Mr. Mary Walsh, the party that was sued in the referenced state court case, is neither in privity with Mayor Marty Walsh in his official capacity, or the City of Boston. "[C]ourts do not generally consider an official sued in his personal capacity as being in privity with the government." Conner v. Reinhard, 847 F.2d 384, 395

**II. CONCLUSION**

Given the fact that CITY and WALSH would have you believe that the matter at hand has already been adjudicated, however, No case exist between NAVOM and City, no case exist between NAVOM and Marty Walsh in his professional capacity, and no case ever adjudicated the alleged violation of NAVOM 's rights either at the state level or under 42 U.S. Code § 1983.

And given that, the court made its ruling based upon the reliance that the defendants were the same in this case, fight the fact that the city of was not a party to the state case, citing: "[a] damages suit against an official in an official capacity is tantamount to a suit against the entity of which the official in an agent" See Burrell v. Hampshire County, 307 F.3d 1, 7 (1st Cir. 2002)

However, for this to be true Marty Walsh would have had to have been sued in His official capacity as mayor.  Walsh was only suit capacity, therefore this analysis fails the second prong of issue preclusion and cannot be apply to this case.

The NAVOM Humbly ask that you reconsider and reverse the decision in this case.

Date: Tuesday, April 20, 2021

Respectfully submitted,

BRANDON W NAVOM,

*/s/* Brandon W Navom
680 State rd apt 3
North Adams MA 01247
navom1@yahoo.com
413.652.2908

7