## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**C.A. No. 3:20-cv-30130-MGM**

| |
|---|
| **BRANDON NAVOM**<br>                    **Plaintiff,**<br>**v.**<br>**CITY OF BOSTON and MARTY WALSH**, in his official and individual capacities,<br>                    **Defendants.** |

### OPPOSTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

I.    **INTRODUCTION**

Now comes the Defendants, City of Boston (the "City") and Martin J. Walsh ("Secretary Walsh"), and hereby oppose Plaintiff's Motion for Reconsideration on the grounds that: (i) res judicata was properly applied to Plaintiff's claims; and (ii) Plaintiff has no viable claim against the City.[1]

**II. LEGAL STANDARD AND ARGUMENT**

"A district court may grant a motion for reconsideration 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir.2009)). "The granting of a motion for reconsideration is 'an extraordinary remedy which

---

[1] Implicit in Plaintiff's motion for reconsideration is that the Court properly dismissed Secretary Walsh in his personal capacity.  Plaintiff's official capacity claim is simply another claim against the City of Boston.

should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id. "These exceptions are 'narrowly configured and seldom invoked.'" Hall v. Capeless, No. CV 19-30138-DJC, 2021 WL 217341, at *7 (D. Mass. Jan. 20, 2021) (quoting United States v. Connell, 6 F.3d 27, 31 (1st Cir. 1993). "[I]t is settled beyond hope of contradiction that, at least in the absence of exceptional circumstances, a party may not advance new arguments in a motion for reconsideration when such arguments could and should have been advanced at an earlier stage of the litigation." Caribbean Mgmt. Grp., Inc. v. Erikon LLC, 966 F.3d 35, 45 (1st Cir. 2020) (adding "We need not inquire into the merits of these theories because Erikon raised them for the first time in its motion for reconsideration."). Although not expressly stated, Plaintiff's contends that the dismissal of his lawsuit was a manifest error of law based one line in the Court's April 6, 2021 Order (ECF No. 39) concerning Walsh being the sole defendant in the state case.

"Under Massachusetts law, there is 'no generally prevailing definition of privity which can be automatically applied to all cases; 'the issue depends on whether a plaintiff's interest was represented in prior litigation and 'whether there are special circumstances or due process considerations which make it unfair to bind the plaintiff[ ] to that judgment.'" Dickey v. City of Bos., No. 16-CV-10636-LTS, 2016 WL

7365167, at *4 (D. Mass. Dec. 19, 2016) (quoting Degiacomo v. City of Quincy, 476 Mass. 38 (2016)). Privity exists between a municipality and its government official that had been previously sued in his personal capacity.  See Silva v. City of New Bedford, 660 F.3d 76, 80 (1st Cir. 2011) ("In this case, the defendants in *Silva I,* Officers Gibney and Sauve, were New Bedford police officers. [...] Silva's claims against the City are based on the officers' actions. Therefore, the officers and the City are sufficiently closely related for purposes of claim preclusion") (alteration to original).  In any event, this is an argument that should have been raised by Plaintiff in an opposition to the motion to dismiss.  Because Plaintiff failed to timely file an opposition, this argument is waived.

Lastly, this is an academic exercise because, for the reasons discussed in the motion to dismiss, neither of Plaintiff's two Section 1983 claims (First Amendment violation and state created danger[2]) are viable against the City.

## V.    CONCLUSION

For the foregoing reasons, the City of Boston and Secretary Walsh respectfully request that this Honorable Court deny Plaintiff's Motion for Reconsideration and award the City and Secretary Walsh the previously requested monetary sanctions.

---

[2] Since the filing of the Motion to Dismiss, the First Circuit, for the first time, recognized a state created danger claim.  See Irish v. Fowler, 979 F.3d 65 (1st Cir. 2020).  Nonetheless, based on the facts already pleaded, Plaintiff cannot establish any of the elements of a state created danger claim, which requires among, other things, that (i) the government official create the harm, (ii) the harm be specific to a plaintiff, as opposed to the general public, (iii) the plaintiff have not assumed the risks, (iv) plaintiff have suffered actual injury; and (v) the defendant's actions must "shock the conscience." See id. at 74.

Date: April 30, 2021

Respectfully submitted,

**CITY OF BOSTON and MARTIN J. WALSH,**

By their attorneys:

Henry C. Luthin

Corporation Counsel

*/s/ Nieve Anjomi*
Nicole M. O'Connor (BBO# 675535)
Nieve Anjomi (BBO# 651212)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA  02201
(617) 635-4034
nicole.oconnor@boston.gov
nieve.anjomi@boston.gov

## Certificate of Service

I, Nieve Anjomi, hereby certify that on April 30, 2021, a true copy of the above document was served via email to:

Brandon Navom
680 State Road Apt. 3
North Adams, MA 01247
Navom1@yahoo.com

*/s/ Nieve Anjomi*
Nieve Anjomi

4